UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ROBERT LEPAGE** | : |
| | : |
| v. | : Case No.: 1:22-cv-00335-MSM-LDA |
| | : |
| **DIANE DUHAIME AND TOWN OF** | : |
| **NORTH SMITHFIELD AND CYNTHIA** | : |
| **DEJESUS in her capacity as Finance** | : |
| **Director of the Town of North Smithfield** | : |
| **THE NORTH SMITHFIELD POLICE** | : |
| **DEPARTMENT TIM LAFFERTY** | : |
| **In his capacity as chief of police** | : |
| **& DETECTIVE** | : |
| **INSPECTOR STEVEN F DONOVAN** | : |

## AMENDED COMPLAINT

## PARTIES

1. Plaintiff Robert Lepage is a resident of North Smithfield, Rhode Island.

2. Defendant Diane Duhaime is a resident of North Smithfield, Rhode Island.

3. Defendant Town of North Smithfield is a municipality and a local government subdivision in the State of Rhode Island created and existing by the laws of Rhode Island.

4. Defendant Cynthia Dejesus is the named Finance Director for the Town of North Smithfield

5. Defendant North Smithfield Police Department is a department of the Town of North Smithfield, and its chief is Tim Lafferty

6. Defendant Detective Inspector Steven F Donovan at all times relevant hereto was/ is an employee of the North Smithfield Police Department.

## CAUSE OF ACTION

7. Plaintiff is the owner and in possession and control and improvements of 270 Mechanic Street, North Smithfield, RI and more specifically described to accessors to lot 100.

8. Defendant Diane Duhaime is the owner and is in possession and control of real property and improvements located at 284 Mechanic Street, North Smithfield, Rhode Island more specifically described as accessors plot 2 lot 101.

9. The above-described properties of Plaintiff and Defendant adjoined each other at the southeast boundary of Plaintiff's property and the northeast boundary of the Defendant's property. The true and correct boundary line between the properties of Plaintiff and Defendant runs along that boundary line. Defendant claims an interest in the above-described property by disputing and denying that the true and correct boundary line between the properties of Plaintiff and Defendant run as described in paragraph ten of this complaint

10. Plaintiff is informed believes and therefore alleges that the Defendant contends that the true and correct boundary lines between the properties of the Plaintiff and Defendant runs as follows: line of seven trees all inside her property line. The claim of the Defendant is without any right whatsoever and the Defendant has no right estate, title, or interest in the above-described property of Plaintiff or any part of it.

11. In or about January 12, 2019, Diane Duhaime filed a complaint with the North Smithfield Police regarding the line of seven trees and claimed that the Plaintiff had vandalized her trees.

12. She did so with absolutely no evidence of an ownership interest in the property she claimed was vandalized.

13. On April 23, 2019, Plaintiff was arrested by the North Smithfield Police Department for malicious injury or destroy write upon, paint, or otherwise deface a property of another.

14. The case was filed in the third division district court under case number 31-2019-04692. This matter was transferred to the Superior Court under case number P3-2019-4042A and dismissed on January 8, 2020.

15. On January 23, 2020, the exact same charge was refiled under case number 31-2020-00852 with an offense date of January 12, 2019.

16. The Plaintiff was once again arraigned on the charge on January 30, 2020.

17. This matter was again transferred to Superior Court under case number P3-2020-0601A where it stayed open until May 9, 2022, when it was finally dismissed.

18. The police department had absolutely no evidence whatsoever that the Defendant owned the property, namely trees that she claimed were vandalized by the Plaintiff

19. Plaintiff, Robert Lepage was forced to hire attorneys and spend substantial amounts of money on his defense until May 9, 2022, when the attorney general's office dismissed said complaint.

20. From the onset of the dispute, the North Smithfield Police Department unequivocally knew that there was no evidence that the property that was vandalize was owned by Diane Duhaime.

21. The Town of North Smithfield through its Police Department and Defendant Steven F. Donovan are legally responsible for the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct.

22. At all times mentioned hereto Defendant Steven F. Donovan was an agent, employee, of the Town of North Smithfield and at all times, Defendant Donovan was acting within the course and scope of that relationship as a police officer

23. In doing the acts and/or omissions alleged, each Defendant acted under color of authority and color of State law at all times.

## COUNT I
## MALICIOUS PROSECUTION
## AS TO DIANE DUHAIME

24. Plaintiff re-alleges and re-avers paragraphs 1-23 of his complaint as if fully set forth herein.

25. The Defendant by filing a frivolous complaint with the North Smithfield police department has caused harm to the Plaintiff's wellbeing, reputation in the community and financial stability.

26. The willful intentional act of this Defendant constitutes malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and libel and slander.

27. The Defendant's actions rise to the level of criminality to wit punitive damages are appropriate.

WHEREFORE Plaintiff asks to Honorable Court to award him compensatory damages, punitive damages, and attorney's fees as well as any other relief this Court deems appropriate.

## COUNT II
## MALICIOUS PROSECUTION
## 42 U.S.C.S § 1983
## North Smithfield Police Department

28. Plaintiff re-alleges and re-avers paragraphs 1-23 of his complaint as if fully set forth herein.

29. The Town of North Smithfield through its Police Department and Defendant Steven F. Donovan have deprived the Plaintiff of his constitutional rights

30. Defendants' misconduct violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the 4th and 14th amendments of the Rhode Island and United States Constitutions

31. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including shock, extreme emotional distress and humiliation, assault and battery and false imprisonment.

WHEREFORE Plaintiff asks to Honorable Court to award him compensatory damages, punitive damages, and attorney's fees as well as any other relief this Court deems appropriate.

## COUNT III
## MALICIOUS PROSECUTION
## 42 U.S.C.S § 1983
## Officer Stephen Donovan

32. Plaintiff re-alleges and re-avers paragraphs 1-23 of his complaint as if fully set forth herein.

33. The Town of North Smithfield through its Police Department and Defendant Steven F. Donovan have deprived the Plaintiff of his constitutional rights

34. Defendants' misconduct violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the 4th and 14th amendments of the Rhode Island and United States Constitutions

35. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including shock, extreme emotional distress and humiliation, assault and battery and false imprisonment.

WHEREFORE Plaintiff asks to Honorable Court to award him compensatory damages, punitive damages, and attorney's fees as well as any other relief this Court deems appropriate.

**COUNT IV**
**FALSE ARREST**
**42 U.S.C.S § 1983**
**North Smithfield Police Department**

36. Plaintiff re-alleges and re-avers paragraphs 1-23 of his complaint as if fully set forth herein.

37. The Town of North Smithfield through its Police Department and Defendant Steven F. Donovan have deprived the Plaintiff of his constitutional rights

38. Defendants' misconduct violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the 4th and 14th amendments of the Rhode Island and United States Constitutions

39. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including shock, extreme emotional distress and humiliation, assault and battery and false imprisonment.

WHEREFORE Plaintiff asks to Honorable Court to award him compensatory damages, punitive damages, and attorney's fees as well as any other relief this Court deems appropriate.

                                                Plaintiff
                                                Robert Lepage
                                                By His Attorney,

                                                **Petrarca & Petrarca Law Office**

                                                ____/s/ Peter J. Petrarca_____
                                                Peter J. Petrarca, Esquire #6137
                                                330 Silver Spring Street
                                                Providence, RI 02904
                                                Tel: (401) 273-1111
                                                Fax: (401) 621-2225